# Wythebille

CARDWELL HANNABASS, AN INFANT, WHO SUES, ETC. V.
MARY RYAN.

June 13, 1935.

Present, Campbell, C. J., and Holt, Gregory, Browning and Chinn, JJ.

520

The opinion states the case.

*M. J. Fulton* and *Holmes Hall,* for the plaintiffs in error.

*Parrish, Butcher & Parrish,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Mary Ryan instituted, by notice of motion for judgment against Cardwell Hannabass, an infant fifteen years of age and his father, James W. Hannabass, her action for damages for personal injury resulting from an automobile col-

NOTE.—For reasons over which the court had no control the task of preparing this opinion had to be re-assigned and this caused the delay in handing it down.

lision. There was a trial by jury and a verdict was awarded the plaintiff for the sum of $1,500 against both defendants. A judgment was entered upon the verdict and it is now before us for review.

On June 1, 1933, Cardwell Hannabass who was then just under fifteen but over fourteen years of age, in company with two of his friends was driving his father's car in a southerly direction on Hermitage road in the city of Richmond. The plaintiff, Mary Ryan, was one of the occupants of a car which was owned by her sister, Catherine Ryan, and being driven at the time by the latter in a northerly direction on Hermitage road. General Hill's monument stands at the center of the intersection of Hermitage road and Laburnum avenue. Upon reaching the intersection of these streets Cardwell Hannabass in making a left turn into Laburnum avenue drove his car to the left of Hill's monument instead of proceeding beyond the point of the center of the intersection and thence to the right of the monument. The two cars collided at the northeast corner of the above named streets and as a result the plaintiff was injured.

The defendant in error, who was the plaintiff below, sought to establish sundry acts of negligence in the operation of the car by Cardwell Hannabass but the only ground upon which she relies to fix liability upon James W. Hannabass, the father, is that the latter as owner of the motor vehicle being driven by Cardwell Hannabass "caused or knowingly permitted the said Hannabass, a minor under the age of sixteen years, who was not permitted under the provisions of section 2154 (190) Michie's Code of Virginia, 1932 Supplement, to drive such Buick automobile upon a highway of the city of Richmond"; and that "James W. Hannabass gave or furnished the said Buick automobile to the said Cardwell Hannabass, a minor under the age of sixteen years, who was not permitted to operate a motor vehicle on the streets of the city of Richmond under said statute." There were other grounds in the notice of motion upon which the plaintiff, now the defendant in error, al-

leged James W. Hannabass was liable for the negligence of Cardwell Hannabass but they were abandoned at the trial.

█ It will serve no good purpose to enter into a prolonged discussion of the assignments of error so far as they pertain to the trial of the case against Cardwell Hannabass. As to him, suffice it to say, that the jury were amply and correctly instructed on the law applicable to his case and their verdict as to him is supported by the evidence.

The question of the liability of James W. Hannabass, the owner of the car, brings before us for the first time the interpretation of certain provisions of the "Virginia Operators' and Chauffeurs' Act" which was enacted by the legislature in 1932. See Michie's 1932 Supplement to the Virginia Code of 1930 (section 2154 (170) *et seq.*).

The provisions of the act which are pertinent to the instant case are in part as follows: Section 2154 (172) "What persons are exempt from license.— (a) * * * Counties, cities and towns of this State are hereby expressly prohibited from requiring any other operator's license or local permit to drive, except as herein provided for * * *."

Section 2154 (174) provides in part: "What persons shall not be licensed.— (a) No operator's license shall be issued to any person under the age of sixteen years, except as hereinafter provided, * * *."

Section 2154 (176) in part is as follows: *"Instruction permits.* * * * (b) An operator's license may be issued to a minor between the ages of fourteen and sixteen years, upon proper application therefor and upon satisfactory evidence that such minor is mentally, physically and otherwise qualified to drive a motor vehicle with safety; provided further, that no such minor shall drive a motor vehicle on the streets and alleys of any city in this State if prohibited from so doing by a proper city ordinance."

Section 2154 (190) *"Owner liable for negligence of minor.*—Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years who is not permitted under the provisions of this act to drive such a vehicle upon a highway, and any person who

gives or furnishes a motor vehicle to such minor, shall be jointly or severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

Section 2154 (193) makes it unlawful to permit a minor under the age of eighteen years to drive a motor vehicle upon a highway as an operator unless such minor shall have first obtained a license or permit so to do "under the provisions of this act."

Section 2154 (195) makes it unlawful for any person to authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person "who has no legal right to do so or in violation of any of the provisions of this act."

Sections 2154 (196)-2154 (198) provide the penalty for violation of any of the provisions of the act.

The evidence in this case shows that Cardwell Hannabass had a State license or permit to operate a motor vehicle under this act at the time of the accident.

By an ordinance of the city of Richmond approved May 15, 1931, and which was introduced in evidence in this case provided in part that, "No person shall operate a motor vehicle upon the streets of the city of Richmond, without having first obtained a permit in writing from the chief of police, * * *; provided, that no such permit shall be issued to any person under the age of sixteen (16) years."

The enactment of the Virginia Operators' and Chauffeurs' License Act by the legislature was designed under the police power of the State to protect the use of the highways from those who are not qualified to operate motor vehicles, to exercise some measure of control over such operators and generally to regulate, standardize and make uniform, so far as practicable, the granting or withholding of this privilege in furtherance of the safety of the users of the highways of the State.

Section 2154 (190) of the act in question and upon which James W. Hannabass is sought to be held liable, when construed in connection with other provisions of the

act will be determinative of his liability. We must bear in mind that this section of the statute, while remedial, is in derogation of the common law and therefore must be strictly construed. Prior to this enactment no such right existed either at common law or in this State which permitted a recovery against one person for the tortious acts of another unless the latter in some manner participated therein or authorized or ratified the act or acts of the tort feasor.

In construing section 282e of the Highway Law of the State of New York (Consol. Laws N. Y., chapter 25), which imposes liability upon the owner of a motor vehicle for negligence in its operation by any person with the permission of the owner, the court in the case of *Atwater* v. *Lober*, 133 Misc. 652, 233 N. Y. Supp. 309, 314, said: "Section 282e, though remedial, must be followed with strictness. If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed."

█ █ It must be presumed that the legislature acted with full knowledge of the strict interpretation that must be placed upon a statute of this nature. The common law is not to be considered as altered or changed by statute unless the legislative intent be plainly manifested. *N. & W. Ry. Co.* v. *Virginian R. Co.*, 110 Va. 631, 66 S. E. 863. See also, annotations in 4 A. L. R. 361; 61 A. L. R. 866; 83 A. L. R. 878, and 88 A. L. R. 174, 175, for the cases dealing with the validity, construction and effect of statutes similar to ours.

█ █ Our construction of the language employed in section 2154 (190), "who is not permitted under the provisions of this act to drive" deals solely with those who are not licensed by the State to operate a motor vehicle upon the streets and highways. Had the legislature intended to extend the liability of the owner of a motor vehicle to embrace those who may be prohibited from the operation of such a vehicle by a *city ordinance* it would have so expressed that intention in the statute. Such a construction seems all the more warranted when we compare the lan-

guage of this section with that used by the legislature in sections 2154 (193) and 2154 (195). Unless this section is so interpreted, the owner of a motor vehicle may be held liable under the State law for any act of negligence while his car is being driven by such minor in the city of Richmond, but for the same act of negligence the owner would be without liability while his car was being operated by such minor upon the streets of another city of the State. There may be some reason for cities of the State being allowed to prohibit minors under sixteen years of age from operating cars upon their streets, but no justification can be found for the State to fasten liability on the owner of a car for the negligent operation of his car under such circumstances as are here shown in the city of Richmond, while for the same negligent act, under the identical circumstances, in other parts of the State there would be no liability on the owner. If such be the intent of the act, its validity is at once open to inquiry. Under such circumstances the court will adopt that interpretation of the statute which will harmonize it with the fundamental law. *Commonwealth* v. *Armour & Co.*, 118 Va. 242, 87 S. E. 610. Especially is this true where no violence is done to the language of the statute and such interpretation satisfies its terms. *School Board* v. *Patterson,* 111 Va. 482, 69 S. E. 337.

Inasmuch as the liability of James W. Hannabass to Mary Ryan was predicated solely upon the statute, Code Supp. 1932, section 2154 (190), which as we have seen provides that an owner of an automobile is liable for the negligence of a minor who operates it under certain conditions, our view is that the minor, Cardwell Hannabass, in the instant case was driving the automobile on the occasion in question under a State permit and that the ordinance of the city of Richmond invoked by the defendant in error is not applicable in dealing with the rights and liability of the owner, James W. Hannabass. We are not called upon to decide the constitutionality of the said ordinance in this case and withhold any decision thereon. Its application to Cardwell Hannabass is not in any way involved.

For the foregoing reasons, the judgment is affirmed as to Cardwell Hannabass, but reversed as to James W. Hannabass, and final judgment is here rendered in his favor.

As to Cardwell Hannabass,

*Affirmed.*

As to James W. Hannabass,

*Reversed, and final judgment.*