# Richmond

JEAN FLANAGAN, AN INFANT, ETC. v. CARRIE KELLAM

AND

MYRTLE SCHOMAKER v. CARRIE KELLAM.

June 14, 1948.

Record No. 3328.

Present, All the Justices.

The opinion states the case.

*Louis B. Fine,* for the plaintiffs in error.

*Ashburn, Agelasto & Sellers,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

These two separate actions were instituted in the court below to recover damages for personal injuries sustained by Jean Flanagan, an infant, and for medical expenses and loss of services on behalf of the mother, Myrtle Schomaker. The defendants were Joseph Weatherly, 24 years of age, and his mother, Carrie Kellam, and the cases were by consent, tried together.

Carrie Kellam filed an affidavit in both cases denying operation and control of the automobile in which Jean Flanagan was riding at the time she received her injury. When the evidence was completed, the court struck it as to Carrie Kellam, and the cases proceeded from that point against Weatherly.

The jury returned a verdict in favor of Jean Flanagan for $10,000, and another in favor of her mother, Myrtle Schomaker, for $4,000. Weatherly is not a party to the proceeding in this court and as to him the verdicts and judgments are final. Upon this appeal we are only concerned with the correctness of the court's ruling on the motion to strike the evidence as against Carrie Kellam.

On October 20, 1946, Weatherly was driving an automobile owned by his mother, Carrie Kellam, who was not an occupant of the car at the time. He had an accident which was occasioned by his negligence. Jean Flanagan, his fiancee, was sitting beside him on the front seat and there were others riding with him on the rear seat. They were returning from an evening of entertainment at a roadside tavern. As they were approaching a left-hand curve on 26th street in the city of Norfolk, Weatherly turned his head to answer a question of one of the occupants of the rear seat, and as he did so the automobile struck the right curb at a point where the street curved to the left. He lost control of the automobile and it rebounded from the curb and struck a tree on the left-hand side of the street.

Jean Flanagan, who received major injuries, asserted that he was driving too fast at the time, and he did not seriously disagree with her. However, we are not concerned with his negligence for it has been established by the verdicts of the jury.

Apparently, the theory of the plaintiffs' cases, as disclosed by their respective notices of motion, was that Weatherly was operating the automobile as an agent for his mother. In the final stages of the trial this theory was abandoned and the sole basis for liability was then contended to be that Carrie Kellam was guilty of independent negligence by entrusting the automobile to her son who had previously had his operator's permit revoked because he had improperly operated a motorcycle.

At the trial the defendants objected to the alleged change in the ground or basis for liability but their objection was overruled. Upon this appeal the issue is a very narrow one and is stated in this language by counsel for the appellants: "Question: Whether or not the owner of an automobile is liable for damages, irrespective of the rule of master and servant, when the owner impliedly permits a person whose license has been revoked to drive an automobile, for injuries sustained by a third party?"

The appellant grounds his case upon the principles announced in *Crowell* v. *Duncan*, 145 Va. 489, 134 S. E. 576, 50 A. L. R. 1425, and contends, first, that Weatherly was driving the automobile with the knowledge and consent of his mother, Carrie Kellam; and secondly, that he was an incompetent and unfit person to drive the automobile, and that this fact was known to Carrie Kellam.

We will not at this time discuss the right of the plaintiffs in effect to change their forms of action in the court below because, as we view the cases, there could be no proper recovery for the plaintiffs against the defendant, Carrie Kellam, upon any theory.

We think the court was correct in striking the evidence as to Carrie Kellam. The automobile was not being driven on any mission of hers; it was being driven

at the time for the pleasure of Weatherly and his friends; therefore, the doctrine of *respondeat superior* does not apply. *Hackley* v. *Robey*, 170 Va. 55, 195 S. E. 689, and *Hannabass* v. *Ryan*, 164 Va. 519, 180 S. E. 416.

In *Crowell* v. *Duncan, supra,* at page 510, this was the conclusion of the court on the facts:  "In addition, the jury, by their verdict, found that the defendant knew, or had reasonable cause to know, that his son was in the habit of getting under the influence of intoxicants.  There was ample evidence to support this conclusion.  The defendant admitted he knew his son drank intoxicants.  He knew he had been arrested for transporting ardent spirits, and yet he admits that when the automobile was not otherwise engaged he permitted his son to use it at will."

There the verdict of the jury established that the father gave his son, when it was not otherwise in use, the unlimited use of the taxicab to be used by him at will; the son was addicted to the use of ardent spirits and this fact was well known to the father; the father knew his son had been arrested for transporting ardent spirits and he knew that his son was not a fit and proper person to operate the taxicab.

In the instant case the facts disclosed by the record firmly prohibit the application of the principles in *Crowell* v. *Duncan, supra.*  Here the great weight of the evidence shows clearly that after Weatherly's operator's permit had been revoked in connection with his use of a motorcycle, his mother, not on a single occasion allowed him to drive the automobile.  She did permit him to use it when she was assured that someone else would drive.  Weatherly who, from his testimony, was shown to be not too adverse to a recovery for the benefit of his fiancee, testified in a very weak, indefinite and unsatisfactory manner on that point.  However, he did not say in any of his testimony that his mother ever allowed him to drive the automobile a single time after his operator's permit had been revoked.  The testimony of Carrie Kellam, which was not seriously controverted by any other evidence, was definite and specific,

and established conclusively that she never gave Weatherly permission to drive the automobile after the revocation of his operator's permit.

Our ultimate decision has rendered it unnecessary to say anything as to the alleged contributory negligence of Jean Flanagan, or the effect of the revocation of Weatherly's operator's permit for an infraction of the rules applicable to motorcycles on his capacity to operate an automobile. These points were stressed in the briefs, but are not now necessary to decide.

The judgment is affirmed.

*Affirmed.*