## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Carroll

v.

Charles E. Smith Management, Inc., et al.

April 7, 1986

Case No. (Law) 9480

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on Defendant VEPCO's renewed Motion of Partial Summary Judgment; the basis of which is that absent notice pursuant to statute (Section 56-265.17) it is not liable for injuries allegedly sustained by plaintiff. VEPCO claims that the statute preempts the common law duties existing prior to passage of the statute.

Plaintiff responds by arguing that the act is inapplicable to the plaintiff's claim and that the statute does not relieve VEPCO of its duty except within certain limited situations.

It is clear that at common law a producer and distributor of electricity was required to use "a high degree of care - care commensurate with the danger involved - to prevent injury to others." *Appalachian Power Co. v. LaForce*, 214 Va. 438, 440, 201 S.E.2d 768, 770 (1974).

It must be presumed that when the act was passed in 1979, the Legislature knew that case law had imposed this duty on those engaged in the business of furnishing electrical power. *See Burns v. Board of Supervisors*, 227 Va. 354, 315 S.E.2d 856 (1984). Further, there is a presumption that the Legislature did not intend to change, innovate upon, alter, unsettle or violate the common law in the absence of words specifically indicating the contrary. *Norfolk and Western RR. v. Virginia RR. Co.*, 110 Va. 631 (1910); *Hanabass v. Ryan*, 164 Va. 519

(1935); *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790 (1942).

The act in question in the case, the Underground Utility Damage Prevention Act, does not carry language indicating a Legislative intent to change the common law duty of VEPCO. In fact, the Legislative intent to the contrary is expressed. In Section 56-265.25, entitled "Liability of Operator and Excavator" the Legislature expressly declined the statutory construction offered by VEPCO in this case by stating that the act shall not be construed to abrogate existing rights, duties or remedies and further, it is not to be construed as creating any "rights, duties, defenses, or remedies (Emphasis added)." Therefore, the failure to notify VEPCO pursuant to the act, even if conclusively established, does not entitle VEPCO to summary judgment in this matter. The Motion for Partial Summary Judgment will be denied. In view of this ruling, it is unnecessary to rule on the other issues raised by plaintiff in his response to the Motion. Further, nothing in this ruling will preclude VEPCO from raising as a defense to the claim a lack of notice nor from showing that it owed plaintiff no duty under the circumstances of this case.