## CIRCUIT COURT OF FAIRFAX COUNTY

Bryan Atkinson

    v.

James Davis,
Barbara Davis,
ERA Van Metre Properties,
Ann Trainer, and
Arrest-A-Pest

June 15, 1994

Case No. (Law) 130096

BY JUDGE THOMAS A. FORTKORT

The matter comes before the court on the Demurrer of co-defendants ERA Van Metre Properties and Ann Trainer to plaintiff Bryan Atkinson's Motion for Judgment. After hearing oral argument the court took the matter under advisement. For the reasons stated below, the court overrules the co-defendants' Demurrer.

The events giving rise to this litigation are outlined in the parties' memoranda. The plaintiff entered into a purchase contract for an improved property located at 8009 Flint Street in Springfield, Virginia. Co-defendants James and Barbara Davis, sellers of the subject property, were represented in the transaction by a broker, co-defendant ERA, and the broker's agent, co-defendant Trainer. The plaintiff was not represented by his own broker. The plaintiff took up residence on the property and soon thereafter discovered termite damage. Count I of the Motion for Judgment alleges Breach of Contract against the Davises based on express contract language warranting that the property would transfer "free of damage from visible termite or other wood destroying insect." Motion for Judgment at 3, citing Purchase Contract at para. 17. Count II alleges Intentional/Negligent Misrepresentation on the part of all co-defendants

with respect to the condition of the property at the time of purchase, specifically the extent of the termite damage. During the pendency of the purchase contract, the co-defendants hired two successive pest control companies to perform a termite inspection. Each company reported back evidence of substantial termite infestation. The Motion for Judgment alleges that the co-defendants actively concealed these reports from the Davises and hired a third company, co-defendant Arrest-A-Pest, whose report indicated that the property was free from termite damage. It was this last report which was presented to and which the Davises relied upon in consummating the sale.

ERA's and Trainer's Demurrer is founded on the Virginia Residential Property Disclosure Act, at Code of Virginia § 15.1-517 *et seq.* The co-defendants argue that this new statute absolves a real estate licensee of liability flowing from nondisclosure of certain information relative to the physical condition of the property. According to the recently-enacted provision governing real estate licensees, the licensee has a duty to inform the owner represented by that licensee, as well as a prospective purchaser who is not represented by his own broker, of the owner or purchaser's rights and obligations under the statute. Va. Code Ann. § 15.1-523. Continuing, the statute declares that "the licensee shall have no further duties to the parties to a residential real estate transaction . . . and shall not be liable to any party . . . for failure to disclose any information regarding any real property subject to this chapter." *Id.* Arguably having fulfilled the above stated duty, the co-defendants assert that the Act confers upon them an immunity from further liability surrounding this transaction.

While this court does not contest the Act's applicability to a real estate broker who has failed to disclose crucial pieces of information to a prospective purchaser, this court is not prepared to find that the Act wholly eradicates the common law action of fraud as between these same parties. Instead, this court is of the opinion that the statute simply creates a new civil action and a new duty for real estate licensees. The Act suggests that informing a seller and an unrepresented buyer of their rights and obligations under the statute is the course of action to be taken by real estate licensees in discharge of this duty.

Further, a fundamental rule of construction in this Commonwealth dictates that "statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms." *Blake v. Alley Corp.*, 233 Va. 31, 34 (1987), citing *C. & O. Railway v. Kinzer*, 206 Va. 175, 181 (1965). That is, a statute will not

work to alter the common law unless the legislature has "plainly manifested" its intent to do so. *Hyman v. Glover*, 232 Va. 140, 143 (1986), citing *Hannabass v. Ryan*, 164 Va. 519, 525 (1935). A plain reading of the statute indicates no legislative scheme to favor real estate licensees as a class by sheltering them from liability entirely.

This court's position is in concert with the interpretation of one state with a substantially similar statutory scheme. Oregon's legislation provides for a disclosure statement (Or. Rev. Stat. § 105.465) and charges real estate licensees with a duty to disclose, deviating from the Virginia language only in that a seller's broker in Oregon does not have a corresponding duty to a buyer who is otherwise unrepresented. Or. Rev. Stat. § 696.870.[1] Interestingly, the Oregon legislature chose to circumvent the precise debate which is presently before this court by simultaneously enacting an explanatory statute. Or. Rev. Stat. § 105.490 mandates that "O.R.S. 696.870 [and other sections in the chapter] shall not directly, indirectly or by implication limit or alter any preexisting common law or statutory right or remedy including actions for fraud, negligence or equitable relief."

While our legislature has not inserted such an obvious statement of its intention directly into its statutory language, this court opines that with Code of Virginia § 15.1-523, the Virginia legislature merely intended to establish a particular right and remedy, and did not intend to preempt every other possible cause of action against a real estate licensee. Therefore, despite the co-defendants' argument to the contrary, ERA's and Trainer's actions in affirmatively misstating the condition of the Flint Drive residence with respect to termite damage are not shielded by the new statute but remain susceptible to analysis for fraud.[2]

Accordingly, this court finds that Code of Virginia § 15.1-523 reflects no erosion of the common law action of fraud under these circumstances.

---

[1] The full text of Or. Rev. Stat. § 696.870 reads, "(1) A real estate licensee representing a seller of real property . . . has a duty to inform each seller represented . . . of the seller's duties created by this section . . . . A real estate licensee representing a buyer of real property has a duty to inform each buyer represented . . . of the buyer's rights under this section . . . . (2) If a real estate licensee performs the duties set forth in subsection (1) . . . the real estate licensee shall have no further duties under this section."

[2] In order to prevail on a claim of fraud, a plaintiff must show: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reliance by the party misled, and (6) resulting in damage to the party misled. *Meridian Title Ins. Co. v. Lilly Homes, Inc.*, 735 F. Supp. 182 (E.D. Va. 1990).

Accepting the truth of the allegations for the purposes of demurrer, this court finds that the Motion for Judgment states a cause of action for fraudulent misrepresentation as to both ERA and Trainer.