*290 JUSTICE STEPHENSON,
with whom JUSTICE HASSELL joins, dissenting.
I respectfully dissent.
It is well established, as the majority acknowledges, that actions based upon negligence and actions based upon negligently creating and maintaining a public nuisance are separate and distinct causes of action. Chapman v. City of Virginia Beach, 252 Va. 186, 192, 475 S.E.2d 798, 802 (1996); Taylor v. City of Charlottesville, 240 Va. 367, 372-74, 397 S.E.2d 832, 835-37 (1990). Indeed, as Chief Justice Carrico said in Finley, Inc. v. Waddell, 207 Va. 602, 610, 151 S.E.2d 347, 353 (1966), “[t]he torts of nuisance and negligence are distinct and differ in their nature and consequences.”
It is equally well established that a municipal corporation is immune from liability for claims caused by ordinary negligence if it is engaged in a governmental function; however, a municipal corporation is not immune from liability for negligence when it performs a proprietary function. Taylor, 240 Va. at 370, 397 S.E.2d at 834. Also, a municipal corporation ordinarily is not immune from liability for negligently creating and maintaining a public nuisance whether it is performing either a governmental or a proprietary function. Id. at 373, 397 S.E.2d at 836.
Statutes in derogation of the common law are strictly construed, and the common law will not be considered changed by statute unless the legislative intent is clearly evident. Moreover, there is a presumption that no change in the common law is intended by the legislature; therefore, any change in the common-law rule is limited to what is expressly stated in the statute or what is necessarily implied therefrom. Indeed, “[wjhen an enactment does not encompass the entire subject covered by the common law, it abrogates the common-law rule only to the extent that its terms are directly and irreconcilably opposed to the rule.” Boyd v. Commonwealth, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988). Additionally, a court must presume that the General Assembly acted with full knowledge of the strict construction that must be given to a statute that is in derogation of the common law. Hannabass v. Ryan, 164 Va. 519, 525, 180 S.E. 416, 418 (1935).
Code § 15.1-291 is in derogation of the common law, and the issue in the present case is whether the statute, when strictly construed, directly and irreconcilably changes the common law. Code § 15.1-291, in clear, plain language, limits immunity to injuries *291 “caused by any act or omission constituting simple or ordinary negligence.” (Emphasis added.) The statute makes no mention, however, of immunity from liability for nuisance, although the General Assembly is presumed to have known that negligence and nuisance are separate and distinct causes of action.
The majority, focusing on only a portion of Code § 15.1-291, states that die statute grants immunity in “ ‘any civil action or proceeding’ ” and concludes that “this language is broad enough to encompass actions for both negligence and nuisance.” I would agree with that conclusion if that were all the section states. As previously noted, however, the statute further states that the immunity granted is limited to injuries caused by simple or ordinary negligence. In enacting Code § 15.1-291, the General Assembly could have granted immunity from liability for injuries caused by the creation and maintenance of a nuisance. It did not do so, and I submit that this Court also should not do so.