400 S.E.2d 190 (1991)
Ferdinand J. HEIDER
v.
Demetrick CLEMONS.
Record No. 900640.
Supreme Court of Virginia.
January 11, 1991.
Peter D. Andreoli, Jr., Sr. Asst. County Atty. (David T. Stitt, County Atty., Robert Lyndon Howell, Deputy County Atty., on briefs), for appellant.
Benjamin W. Glass, III, Arlington, for appellee.
Present: All the Justices.
LACY, Justice.
In this case we determine whether a sheriff is entitled to the defense of sovereign immunity when he is sued for damages incurred as a result of his operation of an automobile while serving judicial process.
Ferdinand J. Heider was a deputy sheriff whose duties included serving judicial process at various locations throughout Fairfax County. On September 26, 1988, Heider served process at a residence on Summerfield Road. He returned to his car, which was parked on the left-hand shoulder of the street facing south, and began to leave the parking space. In order to get over a "lip" on the asphalt, Heider gave the car "a little more gas." As he pulled out, the car collided with a motorcycle also going south on Summerfield Road and operated by Demetrick Clemons.
Clemons filed a negligence suit against Heider, to which Heider pled the affirmative defense of sovereign immunity. At the conclusion of Clemons' evidence and of all the evidence, Heider moved to strike, asserting that the evidence was insufficient as a matter of law to prove gross negligence, the standard for liability where the defense of sovereign immunity applies. These motions were denied. The trial court instructed the jury on the elements of simple negligence and denied Heider's jury instructions on gross negligence. The jury returned a verdict for $375,000 in favor of Clemons.
On appeal, Heider claims that, as a deputy sheriff who regularly and necessarily operated an automobile to perform his legal *191 duty of serving judicial process, he was entitled to the sovereign immunity defense with respect to the operation of the automobile. We disagree.
Application of the doctrine of sovereign immunity is appropriate if the facts of the case comport with the four-part test enunciated in James v. Jane, 221 Va. 43, 282 S.E.2d 864 (1980) and subsequent cases. In addition to considering the nature of the governmental function performed by the employee, the Court must assess whether the act as to which liability is asserted involved the exercise of judgment and discretion.
In Wynn v. Gandy, 170 Va. 590, 197 S.E. 527 (1938), the driver of a school bus asserted the defense of sovereign immunity on the basis that operation of the bus was an act undertaken on behalf of the government. We held that sovereign immunity was not available to the bus driver, stating that the defense does not apply to "the performance of duties which do not involve judgment or discretion in their performance but which are purely ministerial." Id. at 595, 197 S.E. at 529 (citations omitted).
The holding and principle announced fifty years ago in Wynn remain viable today. While every person driving a car must make myriad decisions, in ordinary driving situations the duty of due care is a ministerial obligation. The defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the performance of the governmental function itself. In some instances, the operation of an automobile may fall into this category, such as the discretionary judgment involved in vehicular pursuit by a law enforcement officer. See, e.g., Colby v. Boyden, 241 Va. 184, 400 S.E.2d 184 (1991) (this day decided); see also Meagher v. Johnson, 239 Va. 380, 389 S.E.2d 310 (1990). However, under the circumstances of this case, the simple operation of an automobile did not involve special risks arising from the governmental activity, or the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of the driver's employer. Thus, on the showing here, the trial court properly held that Heider was not entitled to the defense of sovereign immunity.
Affirmed.