## CIRCUIT COURT OF THE CITY OF RICHMOND

Fred Agyeman

v.

Stephen W. Pierce
and Andrew Winston

December 11, 1991

Case No. LT-1347–4

BY JUDGE RANDALL G. JOHNSON

This case arises out of plaintiff's arrest or "detention" by a City of Richmond deputy sheriff. Plaintiff claims that the deputy used excessive force in arresting or detaining him, thus committing an assault and battery for which plaintiff is entitled to recover compensatory and punitive damages. Named as defendants are the deputy, Stephen W. Pierce, and Andrew Winston, the sheriff of the City of Richmond. The case is presently before the court on defendants' demurrer, which is made on five grounds: (1) that Sheriff Winston is immune from suit under the doctrine of sovereign immunity; (2) that Sheriff Winston is not liable for punitive damages; (3) that the motion for judgment fails to state a claim for false arrest; (4) that the motion for judgment fails to state a claim for "use of unreasonable force"; and (5) that the doctrine of sovereign immunity also applies to Deputy Pierce. For the reasons which follow, the demurrer is sustained as to (2) above but is otherwise overruled.

### 1. *False Arrest*[1]

Defendants argue that "to the extent the motion for judgment attempts to state a claim of false arrest, it fails to state a claim upon which relief can be granted." Defendants' Demurrer filed May 9, 1991. In reading the motion for judgment, however, the court concludes that there *is* no attempt to state a cause of action for false arrest. Rather, the motion for judgment states a cause of action for assault and battery. Since no cause of action for false arrest has even remotely been claimed, there is no need to demur to it. Otherwise, defendants should also demur to plaintiff's claims of negligence, breach of contract, trespass, and any other cause of action which is not supported by the motion for judgment. The only cause of action which plaintiff seeks to set out in his motion for judgment is one for assault and battery. The court will not sustain a demurrer to a cause of action which plaintiff has not even attempted to set out.

### 2. *Use of Unreasonable Force*

The motion for judgment alleges that Deputy Pierce used unreasonable force in restraining or arresting plaintiff, thus constituting an assault and battery. Defendants' demurrer argues that defendants had a right to use reasonable force in arresting plaintiff. Since such statements obviously involve a question of fact, that is, whether defendants' use of force was reasonable or unreasonable, a demurrer is not appropriate.

### 3. *Sovereign Immunity of Deputy Pierce*

It is well-settled in Virginia that governmental employees are not entitled to sovereign immunity for intentional torts. *Elder v. Holland,* 208 Va. 15, 19, 155 S.E.2d 369 (1967). This is true whether they act within or without the scope of their authority. *Fox v. Deese,* 234 Va. 412, 423–424, 362 S.E.2d 699 (1987). Since assault and battery is an intentional tort, sovereign immunity is not available to Deputy Pierce.

---

[1] The grounds of defendants' demurrer will be discussed in an order different from that presented by defendants.

### 4. *Sovereign Immunity of Sheriff Winston*

With respect to Sheriff Winston, defendants are correct that Virginia's sheriffs fall within the doctrine of sovereign immunity generally applicable to other state officers. *See, Heider v. Clemons,* 241 Va. 143, 400 S.E.2d 190 (1991). I conclude, however, that such doctrine is not available to Sheriff Winston in this case.

It has long been the law in Virginia that the relationship between a sheriff and his deputies is significantly different from the relationship between other state officers and their employees. As early as 1800, it was said that "[i]t is a rule that the sheriff shall answer civilly for all the acts of his deputy." *James v. M'Cubbin,* 6 Va. (2 Call) 273, 274 (1800). Similarly, in *Moore's Adm'r v. Downey and Another,* 13 Va. (3 Hen. & M.) 127 (1808), an action for trespass against a sheriff for the tortious act of his deputy, the Court stated:

> The law looks upon the sheriff and his officers as one person: he is to look to his officers that they do their duty; for if they transgress, he is answerable to the party injured by such transgression; and his officers are answerable over to him. 13 Va. (3 Hen. & M.) at 132.

And in *Mosby v. Mosby,* 50 Va. (9 Gratt.) 584 (1853), the Court, after setting out the general law that a master is liable for his servant's misfeasances and negligence, but not for unauthorized, willful, or malicious acts, stated:

> But, on principles of public policy, the liability of a sheriff for his deputy is much more extensive. The acts and defaults of the deputy, *colore officii,* are considered in law as the acts and defaults of the sheriff, who is liable therefor in the same form of action as if they had been actually committed by himself. 50 Va. (9 Gratt.) at 603.

Thus, continued the Court:

> [T]he sheriff [is] answerable in an action of trespass *vi et armis* for the act of his officer, the law looking upon the sheriff and all his officers as one person: He is to look to his officers that they do their duty; for if they transgress, he is answerable to the party injured by such transgression, and his officers are answerable over to him. There is a difference between master and servant; but a sheriff and

all his officers are considered, in cases like this, as one person. *Id., quoting* Justice Blackstone in *Saunderson v. Baker*, 3 Wils. R. 309 (Court of Common Pleas 1772).

The above cases, while far from recent, have never been overruled or questioned by our Supreme Court. I can only conclude that they still state the law. Accordingly, since Sheriff Winston is liable for all torts committed by his deputies, unintentional and intentional, and since sovereign immunity does not apply to intentional torts, Sheriff Winston's demurrer on the basis of sovereign immunity must be overruled.

### 5. *Punitive Damages*

Finally, while it might seem logical that if the sheriff and his deputy are "one person," then the sheriff is equally liable with his deputy for punitive damages, I do not believe that the holdings of the previously-cited cases extend that far. Public policy may dictate that a sheriff be liable for the torts of his duly appointed officer, even if those torts are intentional. Public policy does not dictate, in my opinion, assessing punitive damages against a sheriff for the acts of his deputy.

Sheriffs in Virginia are constitutional officers with certain specified duties and obligations. Whether a particular sheriff chooses to perform specific tasks himself or through deputies is his choice. The public policy considerations mentioned in *Mosby, supra*, are, I believe, centered around the fact that a person injured by the tortious act of a deputy should not be deprived of compensation from the sheriff simply because that particular sheriff chose to have a deputy perform the act which by law is a function or obligation of the sheriff. In other words, public policy requires that a sheriff compensate victims of torts committed in the performance of such sheriff's duties and obligations whether the specific acts complained of are performed by the sheriff or his deputies. Since it is the sheriff who is legally obligated to perform the acts, it is the sheriff who must compensate if such acts are performed tortiously. The same cannot be said with respect to punitive damages.

Unlike compensatory damages, punitive damages are not awarded to compensate a victim of tortious conduct for the injury sustained as a result of the conduct. Instead, they are awarded to punish the wrongdoer and to guard against a recurrence of the conduct. While

public policy may well demand that victims of torts committed by a sheriff or his deputies be compensated by the sheriff, I can discern no public policy which demands that a sheriff be *punished* for his deputies' acts. Nor is it reasonable to assume that punitive damages awarded against a sheriff will deter future misconduct by his deputies. Thus, I hold that in the absence of authorization, encouragement, or ratification by a sheriff of his deputy's conduct, punitive damages may not be awarded against a sheriff. Since the motion for judgment in this case does not allege such authorization, encouragement, or ratification by the sheriff, they may not be recovered here.