## CIRCUIT COURT OF THE CITY OF RICHMOND

Timothy Robertson

v.

Commonwealth of Virginia et al.

January 25, 1993

Case No. LT-2481

BY JUDGE MELVIN R. HUGHES, JR.

Upon the conclusion of the hearing on defendants' Pleas of Sovereign Immunity on January 13, 1992, the Court sustained the pleas as to defendants Dalton, Farmer, Herndon, and Reed and took under advisement the question as to defendants Kuno and Rosenberg. For purposes of this motion, the parties base their argument on depositions and an affidavit in the case file, as well as allegations in the Motion for Judgment and facts stated in the briefs.

Plaintiff was hospitalized at the Medical College of Virginia (MCV) on an emergency basis in September, 1989. During his stay, defendant physicians Kuno and Rosenberg, an intern and a resident respectively, ordered culture tests on plaintiff's blood for the purpose of excluding the condition of subacute bacterial endocarditis. The test results were positive for bacteria in the blood. Before plaintiff was discharged on September 18, 1989, Kuno and Rosenberg failed to check the results of the blood cultures.

In April, 1990, plaintiff was readmitted with a diagnosis of bacterial endocarditis. It was then noted that the test results of blood culture taken during the earlier admission in September, 1989, were positive. Kuno and Rosenberg state in their brief in opposition that the tests were at first negative and turned positive after plaintiff's discharge. Nonetheless, it is undisputed that Kuno and Rosenberg never saw the results and never told plaintiff of them at any time before plaintiff's readmission.

In the Motion for Judgment, Kuno and Rosenberg are said to have "failed to notify Mr. Robertson that his blood cultures returned positive and failed to inform him of the necessity of treatment or to provide the necessary treatment." Both defendants are said to have failed to take appropriate steps to diagnose Mr. Robertson's condition. As a result of prolonged bacterial infection, plaintiff's aortic valve became severely damaged over the six-month period his condition went undiagnosed, requiring open heart surgery to replace it. Under these circumstances, plaintiff argues in his brief, "no discretion is required in the performance of the simple, routine duty of obtaining, ascertaining and reporting the final result of a diagnostic test ordered and endorsed by a health care provider." Plaintiff also states, "the duty to take appropriate action to obtain and act upon the results of laboratory tests is a basic ministerial requirement of health care providers." It is otherwise agreed and not in dispute that these defendants are licensed physicians in post-doctoral training, receive no compensation from patients for their services, had no right to choose patients, and were paid employees of MCV, a state institution.

The doctrine of sovereign immunity applies if facts in the case comport with the four-part test given in *James v. Jane*, 221 Va. 243 (1980), most recently affirmed in *Colby v. Bowden*, 241 Va. 184 (1991), and *Heider v. Clemons*, 241 Va. 143 (1991). The criteria in that test are: (1) the nature of the function the employee performs, (2) the extent of the governmental interest and involvement in the function, (3) the degree of control and direction exercised by the governmental entity over the employee, and (4) whether the alleged wrongful act involved the exercise of judgment and discretion. Here, we are not concerned as much with the first three parts of the *James* test. The issues here center on the characterization that these defendants' failure to follow up on the blood culture test results is a ministerial act.

Kuno and Rosenberg are in training in a state-supported institution, learning to practice medicine under the supervision of other physicians. Their supervisors have completed their own requirements and also are involved in teaching and research. In *James v. Jane, supra*, attending physicians in a state institution were not immune. As a resident and an intern, Kuno and Rosenberg are not in the category of attending physicians. As such, they are "still in training," so to speak, as their licenses at the time were conditional and only allowed them to

practice within the confines of their training programs, under supervision.

It has been observed that an intern exercises discretionary judgment in treating patients. *James v. Jane, supra,* at p. 52, citing *Lawhorne v. Harlan,* 214 Va. 405. It is clear that with respect to the condition from which this plaintiff is suffering, "tests and examinations are usually made to ascertain the disease from which [the] patient is suffering." *Reed v. Church,* 175 Va. 284, 299 (1940). A medical diagnosis or the process to reach one entails the weighing and counterbalance and the attention to details of any number of constituent acts. Any one of them can be set apart, described, and separated as independent or particular and thereby called a ministerial act. To compartmentalize each such thing for purposes of sovereign immunity misapprehends the diagnostic process as essentially a discretionary one, involving many judgments. The failure to read or determine the test results fits inextricably into a larger scheme involving discretionary acts. In this case, those acts are performed by government employees at a state-run institution, which makes them immune under the doctrine of sovereign immunity.