## CIRCUIT COURT OF SOUTHAMPTON COUNTY

Mary Elizabeth Summerell,
an infant, by Patricia E. Summerell,
her parent and next friend

v.

Jane Wolfskill and
the City of Franklin School Board

September 30, 1994

Case No. CL-93-120

BY JUDGE RODHAM T. DELK, JR.

This case came before me on the defendants' demurrers, which turn on the issue of sovereign immunity. Briefly, the facts are that the defendant, Jane Wolfskill, in her capacity as a third-grade teacher employed by the defendant, City of Franklin School Board, closed the classroom door on the plaintiff's hand, resulting in the severing of one of the plaintiff's fingers. The plaintiff alleges simple negligence on the part of the defendant.

I have considered the oral arguments of counsel for the defendant (counsel for plaintiff did not appear) as well as the authorities of law and memoranda submitted by both counsel.

First, it is agreed by all parties that the defendant School Board enjoys full sovereign immunity, and I sustain the defendants' demurrer as to the School Board.

Second, having reviewed the cases relied upon by both sides on the issue of immunity of the defendant teacher, I hold that the teacher enjoys qualified immunity from suit. The plaintiff relies on *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991), but I find the controlling case to be that of *Lentz v. Morris*, 236 Va. 78, 372 S.E.2d 608 (1988), on the basis of its facts.

The defendant teacher enjoys qualified immunity from suits alleging simple negligence. The plaintiff alleges simple negligence in her motion for judgment and, accordingly, fails to state a claim for which relief can be

granted. I sustain the defendant's demurrer as to the teacher, Jane Wolf-skill.

I further grant leave to the plaintiff to amend her motion for judgment within thirty days from entry of any order based on this opinion.

### October 31, 1994

I have the defendant's Demurrer to the Amended Motion for Judgment. On the assumption that Mr. Herbert is correct in implying that Mr. Haskin does not intend to respond, I will rule on the Demurrer.

The facts have not changed since my opinion letter dated September 30, 1994. Although the plaintiff, in her Amended Motion for Judgment, did not specifically allege that the defendant was a public school teacher acting within the scope of her authority, I cannot simply assume that that was not the case. Therefore, the defendant still enjoys qualified immunity.

Since, the Amended Motion for Judgment alleges simple negligence, from which the defendant is immune from liability, I sustain the defendant's Demurrer to the Amended Motion for Judgment.

I again grant leave to the plaintiff to amend her motion for judgment within thirty days from entry of any order based on this opinion.