# CIRCUIT COURT OF THE CITY OF NORFOLK

Pamela D. Diaz

v.

Evangelina M. Mendoza,
Cynthia R. Ownbey,
and Richard L. Lockhart

Case No. (Law) L95-1183

Cynthia R. Ownbey

v.

Evangelina M. Mendoza
and Richard Lee Lockhart

Case No. (Law) L95-1813

August 16, 1995

BY JUDGE EVERETT A. MARTIN, JR.

These cases are before the Court on the motions of Evangelina M. Mendoza for summary judgment on the grounds that (1) the plaintiffs have not complied with the notice provisions of the Virginia Tort Claims Act, Code of Virginia § 8.01-195.1 *et seq.* (the "Act") and (2) she is entitled to sovereign immunity.

The attorneys in L95-1183 stipulated that Evangelina M. Mendoza was an employee of the Commonwealth at the time of the automobile accident and she was then in the course of her employment. No such stipulation was made in L95-1813, but the Court will assume for purposes of these motions that such a stipulation was made in that case.

I believe the motions for summary judgment should be denied.

In 1980, the year before the passage of the Act, the Commonwealth was absolutely immune from suit for tort without its consent. *Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. 452, 117 S.E.2d 685 (1961). However, most employees of the Commonwealth were not absolutely immune. In *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), the Supreme Court held:

> Although a valid reason exists for state employee immunity, the argument for such immunity does not have the same strength it had in past years. This is because of the intrusion of government into areas formerly private and because of the thousand-fold increase in the number of government employees. We find no justification for treating a present-day government employee as absolutely immune from tort liability, just as if he were an employee of an eighteenth century sovereign. It is proper that a distinction be made between the state, whose immunity is absolute unless waived, and the employees and officials of the state, whose immunity is qualified, depending on the function they perform and the manner of performance. 221 Va. at 52-3.

The Act is a limited waiver of the Commonwealth's immunity from tort. I do not believe the General Assembly intended that the Act affect the liability or immunity of the Commonwealth's employees.

The first sentence of § 8.01-195.3 provides in part "Subject to the provisions of this article, the Commonwealth shall be liable ... ." The second paragraph of § 8.01-195.4 begins "In all actions against the Commonwealth commenced pursuant to this article ... ." The notice and statute of limitations provisions of the Act, § 8.01-195.6, § 8.01-195.7, provide "Every claim cognizable against the Commonwealth ... shall be forever barred unless ... ." Had the General Assembly intended those sections of the Act to cover officers and employees of the Commonwealth, it could have easily added the phrase "any officer or employee of the Commonwealth" to these statutes. The General Assembly did add such a phrase to § 8.01-195.8, which governs the settlement of claims under the Act. It also defined "employee" in § 8.01-195.2. The use of the phrase in some statutes and its absence from other statutes enacted as part of the same bill would indicate the General Assembly did not intend those other statutes to apply to officers and employees of the Commonwealth. *Expressio unius est exclusio alterius.*

Furthermore, the first sentence of the second paragraph of § 8.01-195.3 supports this conclusion:

Notwithstanding any provision hereof, the individual immunity of ... other public officers, their agents and employees from tort claims for damages *is hereby preserved to the extent and degree that such persons presently are immunized.* [Emphasis added.]

Finally, it seems anomalous that the General Assembly would by the same enactment create a limited waiver of the Commonwealth's long-standing immunity from tort, *Sayre v. Northwestern Turnpike Road*, 37 Va. (10 Leigh) 454 (1839), but make it more difficult to sue the Commonwealth's employees.

Counsel for the defendant has cited two Circuit Court opinions that apparently reached an opposite conclusion. *Guardian Ambulance Service, Inc. v. Commonwealth of Virginia et al.* (Cir. Ct. Wythe Co. 1995) and *Oliver Cross v. Frederick R. Rankin et al.* (Cir. Ct. Norfolk, L93-4809). I do not know the facts of the former case, nor do I know the specific arguments made. I, of course, have the greatest respect for the opinion of another judge of this Court, but on this issue it appears he and I disagree.

With respect to the eligibility of Evangelina M. Mendoza for the defense of sovereign immunity as declared in *James v. Jane, supra,* there are insufficient facts in the file at this time to permit me to find that she is entitled to the defense. However, *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991), and *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991), would appear to make it unlikely the defense would be available.