## CIRCUIT COURT OF THE CITY OF RICHMOND

Aaron R. Gray

v.

Commonwealth of Virginia et al.

October 24, 1996

Case No. LA-1980-1

BY JUDGE MELVIN R. HUGHES, JR.

This is medical malpractice case where presently there is a question of sovereign immunity. The named defendants are the Commonwealth of Virginia and three nurses. Defendants-nurses (the nurses) filed a Plea of Sovereign Immunity claiming that the action against them is barred and move for dismissal with prejudice.

A hearing on the Plea was convened and evidence was offered and argument made. Essentially, the plaintiff, suffering from end stage kidney disease, received a kidney transplant at the Medical College of Virginia hospital (MCV) in December 1993. Subsequently, plaintiff was confined to the Surgical Trauma Intensive Care Unit (STICU) at MCV. While there his treatment called for the administration of calcium chloride intravenously. The claim he makes is that the three defendant nurses, all state employees, caused the calcium chloride to be administered through an artery, or intra-arterially instead, causing severe tissue damage to his right arm. The nurses argue that they are protected from plaintiff's claim by sovereign immunity because their employment is with a state-run hospital and the Commonwealth of Virginia has an important state interest tied to kidney transplant procedures for the good of the public. They also contend that kidney transplant procedures are an important teaching vehicle for training doctors and nurses and that anything done by them was part of their duties as state employees. Thus, they are immune. Plaintiff, on the other hand, argues that the four part test laid out in *James v. Jane*, 221 Va. 43 (1980), for evaluating sovereign immunity is not applicable because the part of the test dealing with discretion given a state officer or employee is

not implicated under the facts here. If the court finds the *James* test applicable, plaintiff continues, then the court should consider plaintiff's exhibits concerning MCV's finances and salaries in determining whether the defendants are entitled to immunity.

## Sovereign Immunity and the James Test

In *James* the plaintiff brought a medical malpractice claim against attending physicians at the University of Virginia Hospital. The court held, applying a four part test, that attending physicians were not entitled to sovereign immunity. That test set out in *James* and as further enunciated in *Messina v. Burden*, 228 Va. 301 (1984), requires the court to consider four factors:

(1) The nature of the function performed by the employee;

(2) The extent of the state's interest and involvement in the function;

(3) The degree of control and direction exercised by the state over the employee; and

(4) whether the act complained of involved the use of judgment and discretion.

Here, plaintiff advances that no discretion was involved in simply administering the calcium chloride through an arterial line, thus, the case is one of simple negligence involving a ministerial act. In support of this position, plaintiff observes that based upon the defendant's responses to plaintiff's Requests For Admission they have admitted as fact that the nurses had no discretion to administer the drug through plaintiff's arterial line and that administration of calcium chloride through an arterial line is contra-indicated, thus the inquiry need go no further.

Plaintiff contends that the alleged acts by defendants were within the scope of their employment and were outside the scope of authority given them. To the nurses, they are protected as long as they were acting within the scope of their employment. To them, scope of authority and scope of employment are the same.

According to the testimony, nurses use discretion and judgment in many ways. In giving medication on doctors' orders nurses assess the patient before carrying out the doctors' orders. They evaluate orders for the appropriateness of medication and the prescribed route for the administration of that medication. They use judgment on whether calcium levels are sufficient to begin administration of calcium chloride. They have to check with the physician on the administration and route for administration if not

indicated. This testimony came from the nurse manager of the STICU. "Whether the act performed involves the use of judgment and discretion is a consideration but it is not always determinative. Virtually every act performed by a person involves the exercise of some discretion." *James* at p. 53. "A necessary part of an immunity analysis is the level of discretion required of a governmental employee in performing his job and whether the employee is exercising that discretion in the discharge of his duties when the allegedly negligent act occurred." *Lohr v. Larsen*, 246 Va. 81, 87 (1995).

Then there was testimony from a Dr. Lee, a noted authority on kidney transplant. He testified that kidney transplant operations formerly experimental are no longer considered as such. He gave a brief history of the progress of medical science in this field stating that the advent of drugs to combat rejection have brought the procedure along to make it more readily available to persons like plaintiff who have end stage renal disease. He stated that the transplant program at MCV has been involved with teaching, training, and research. Even today the procedure has to involve specially trained surgical teams including specially trained nurses who are essential to the program. Citing *Gargiulo v. Ohar*, 239 Va. 209 (1990), defendants contend this testimony is evidence to support one of the underlying policies of sovereign immunity as pointed out in *Messina*, that is, health care education.

As stated, *James* teaches that judgment-discretion is not solely determinative on the question of sovereign immunity. Plaintiff seems to place a lot of stock on this factor but the whole picture has to be considered. Nor can it be said either that the defendants' call to grant the plea of immunity on the state's interest factor of health care education is solely determinative.

As mentioned "[a]pplication of the doctrine of sovereign immunity is appropriate if the facts of the case comport with the four-part test enunciated in *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), and subsequent cases. In addition to considering the nature of the governmental function performed by the employee, the court must assess whether the act to which liability is asserted involved the exercise of judgment and discretion." *Heider v. Clemons*, 241 Va. 143, 145 (1991).

Considering all the *James* factors including the point of whether the act or acts of the nurses as alleged involved the use of judgment and discretion, the court must conclude that sovereign immunity does not attach to those acts in this case. The court must know what the circumstances were when the negligent act complained of was done. Here, none of the nurses

testified about what actions they took at the time. While it is clear that nurses very often use judgment and discretion in their duties day-to-day and, as it pertains here, often have to use judgment on the appropriate levels of calcium before following orders for calcium chloride administration, there is no evidence concerning whether any discretion was being used by them when the negligent act complained of occurred. The nurses have admitted they acted without authority in administering calcium chloride through an arterial line. This admission suggests that the order was given for the proper administration and it was simply not followed. Placing the line in the wrong blood vessel is a rather simple, direct act which appears ministerial and as such is not entitled to protection by sovereign immunity. *Wynn v. Gandy*, 170 Va. 590 (1938).

For these reasons the court denies the Plea, as the nurses have failed in their burden of proof on this issue. Given this outcome it is not necessary to discuss plaintiff's exhibits concerning MCV's finances and salaries.