## CIRCUIT COURT OF LOUDOUN COUNTY

Peter Daddio

   v.

William L. Ashley

September 3, 1997

Case No. (Law) 18161

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Plea in Bar filed by the defendant. William L. Ashley suggests that the instant personal injury action filed against him by Peter Daddio implicates the doctrine of sovereign immunity. At the time of the accident, the defendant, a volunteer fireman, was operating his personal vehicle en route to the firehouse in response to an emergency call. In both his written and oral arguments, Mr. Ashley asserts that his conduct does not, as a matter of law, constitute gross negligence entitling the plaintiff to recovery.

The General Assembly has specifically provided that volunteer firefighting companies are deemed to be instrumentalities of local government and therefore are immune from damages done "incident to" fighting fires. § 27-23.6, Code of Virginia. This immunity has been extended to damage claims incident to the operation of a fire truck in route to a fire. *National R.R. Passenger Corp. v. Catlett Fire Co.*, 241 Va. 402 (1991). The operator of such a fire truck enjoys qualified immunity from suit for acts of ordinary negligence. *Id.*

Employees of immune governmental agencies may enjoy qualified immunity for acts of negligence. *Messina v. Burden*, 228 Va. 301 (1984). Entitlement to such qualified immunity is determined by a test consisting of four factors. *James v. Jane*, 221 Va. 43 (1980). Those factors are: "1. the nature of the function performed by the employee; 2. the extent of the state's interest and involvement in the function; 3. the degree of control and direction

exercised by the state over the employee; and 4. whether the act complained of involved the use of judgment or discretion." *Messina, supra,* at 313.

At the time of the defendant's accident, he was responding to a call to report to the Purcellville Volunteer Fire Company fire station in order that he might assist in fighting a fire. Plaintiff suggests that Mr. Ashley may not rely in his defense upon either statutory or common law immunity. He argues that the operation of a private motor vehicle by a responding fireman is not "incident to" the fighting of a fire. In addition, he asserts that those reasons cited for granting immunity are not present in this case, *viz.,* protection of the public purse; danger and inconvenience to the public brought on by fearful and unwilling public servants; and a reluctance to assume public jobs for fear of civil liability. Accordingly, he contends it is unnecessary for the Court to conduct an evaluation of the four factors.

The Court is of the opinion that the volunteer fire company, but not the defendant, is entitled to the immunity afforded it by the provisions of § 27-23.6, Code of Virginia, and would be exempt from suit for damages arising out of the operation of a motor vehicle by one of its volunteers responding to a fire call. Such a finding is consistent with the broad construction given the definition of the word "incident" by the Supreme Court. *See, National R.R. Passenger Corp. v. Catlett Fire Co., supra.* Just as, "common sense compel[s] the conclusion that the operation of a fire truck en route to the scene of a fire is incident to the fighting of a fire . . ." so too does common sense dictate a like conclusion with respect to the response of those necessary to fight the fire. *National R.R. Passenger Corp.,* at 409. However, such a conclusion does not end the inquiry with respect to the liability of the individual firefighter. In order to assume the mantle of qualified immunity, such individuals must demonstrate that their conduct survives the scrutiny of the four factors. The defendant's conduct does not entitle him to qualified immunity from acts of ordinary negligence.

At the time of the accident, the defendant was acting as an "employee" of an exempt organization. In responding to the fire call in his personal vehicle, the defendant was performing a significant public function in which the state has a keen interest. Prompt response of volunteer firefighters to a fire call is paramount to effective and efficient fire management and control. However, the volunteer fire company exercises little control over the firefighter until he reaches the station. The Court agrees with the position of the plaintiff, that until such time as the firefighter reaches the firehouse and dons his equipment, the company exercises little control over the manner and method of travel. As he notes in his papers, "[i]t exercises no greater control and gives no greater direction than to any other driver of a privately owned and insured

automobile." Thus, the defendant has failed to demonstrate that his actions were sufficiently controlled and directed by an immune instrumentality of the county to satisfy the third of the four pronged test.

Lastly, the defendant has failed to demonstrate that his actions in operating his personal vehicle at the time of the accident involved the use of judgment and discretion. A volunteer responding to a fire call is required to adhere to the same rules of the road as any other driver. In *Colby v. Boyden*, 241 Va. 125 (1991), the Supreme Court determined that a police officer, operating his official vehicle in hot pursuit of another car was entitled to qualified immunity. However, a deputy sheriff who struck another vehicle with his car while serving process was denied such relief. *Heider v. Clemons*, 241 Va. 143 (1991). Although each was operating a motor vehicle pursuant to their duties as law enforcement officers, the Court noted in *Heider, supra*, that :

> [w]hile every person driving a car must make myriad decisions, in ordinary driving situations, the duty of due care is a ministerial obligation. The defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the governmental function itself. In some instances, the operation of an automobile may fall into this category, such as the discretionary judgment involved in vehicular pursuit by a law enforcement officer ... . However, under the circumstances of this case, the simple operation of an automobile did not involve special risks arising from the governmental activity, or the exercise of judgment or discretion about the proper means of effectuating the government purpose of the driver's employment.

*Heider*, at 145. It is only those acts of judgment and discretion which are necessary to the performance of the governmental function which entitle the actor to qualified immunity. In responding to a fire call, it is not necessary that the volunteer balance the need for a prompt response against any different driving standard from that mandated for any other driver. Unlike the police officer in pursuit of a fugitive, the fire truck driver responding to a fire, or the truck driver spreading salt on ice-covered streets, the driver of the private vehicle in this case was not required to engage himself in special risks inherent in the operation of a vehicle as an integral part of the performance of his duty to respond to the fire call. *See, Colby, supra; National R.R. Passenger Corp., supra; Stanfield v. Peregoy*, 245 Va. 339 (1993).

As counsel for the plaintiff has observed, the issue of gross negligence raised by the evidence is not susceptible to decision on the instant Plea in Bar.

For the reasons stated, the Court will deny the Plea in Bar.