# CIRCUIT COURT OF THE CITY OF RICHMOND

Ryan Howard

v.

Robert Streater
and City of Richmond

April 24, 2006

Case No. LT-2073

BY JUDGE MELVIN R. HUGHES, JR.

This is a negligence action to recover injuries resulting from the collision of a dump truck operated by an agent of the City of Richmond and the Plaintiff. The case is before the court on the Defendants' Special Plea of Sovereign Immunity. In response to the court's request, counsel filed additional research and argument on the Plea following the hearing.

On September 28, 2004, while Plaintiff was attempting to make a left-hand turn, he was hit by Defendant who was heading in the opposite direction. At the time of the collision, Defendant was operating a dump truck on behalf of the City. It is undisputed that Defendant was performing a governmental function. *See Ashbury v. City of Norfolk*, 152 Va. 278, 283, 147 S.E. 223, 224 (1929). The sole issue remaining is whether the activities performed by Defendant "involve[d] judgment or discretion in their performance" or were "purely ministerial." *See Wynn v. Gandy*, 170 Va. 590, 197 S.E. 527 (1938).

After reviewing the Supreme Court's decision in *Friday-Spivey v. Collier*, 268 Va. 384, 601 S.E.2d 591 (2004), the court is of the opinion that the doctrine of sovereign immunity does not bar Plaintiff's claim. "Sovereign immunity does not extend to `ordinary driving situations'." *Id. (citing Heider v. Clemons*, 241 Va. 143, 145, 400 S.E.2d 190, 191 (1991)). Defendant's operation of the dump truck did not involve special risks arising from the governmental activity or the exercise of judgment or discretion about the

proper means of effectuating the governmental purpose. *Heider*, 241 Va. at 144, 400 S.E.2d at 191. Accordingly, the court finds that Defendant was performing a purely ministerial act; and therefore, the doctrine of sovereign immunity does not apply.