# CIRCUIT COURT OF THE CITY OF RICHMOND

Martin R. Clagett

v.

Allstate Insurance Co. et al.

June 5, 2006

Case No. CL06-216-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a claim by a homeowner policyholder against his insurer and the insurer's employees for personal injury damages arising out of a claim made under the policy for damage to his home caused by Hurricane Isabel. Defendants have filed a demurrer to claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

The pleading describes the course of events involving the handling of the claim. Plaintiff otherwise asserts that Defendant-insurer failed to adequately compensate for all losses including a mold problem in the dwelling after a period when the property was exposed to moisture for an inordinate amount of time due to insurer's failure to timely adjust the claim. (Plaintiff has filed another action for damages under the insurance contract.) After a recitation of the underlying facts in more detail, the Complaint asserts the claims for emotional distress damages in two counts.

Plaintiff alleges that Defendant, knowing that Mr. Clagett was stressed by the situation, involved in conduct that was "extreme and outrageous . . . and extreme business conduct." (Para. 73); that "[t]hese actions include previous conduct by Allstate such as delaying Plaintiff's claim, misrepresenting information, calling the Plaintiff a liar." (Para. 73); that "Allstate's Smith's individually and unknown employee's individually, intentionally and extreme and outrageous actions . . . resulted in Plaintiff suffering an acute vasovagal event . . . Plaintiff . . . suffered severe emotional distress, and as a result had to seek medical treatment. . . ." (Para. 78.) In

addition, Plaintiff alleges that: "Allstate . . . breached their duty by acting unreasonably and recklessly toward Plaintiff, by allowing an employee to press, badger, and harass Plaintiff in an unreasonable manner causing personal injury." (Para. 51); that "Allstate . . . knew or that catastrophic mold and water damage remediation and rebuilding a house while living in temporary housing is stressful and upsetting experience, especially without adequate financial resources." (Para. 54); that "Allstate . . . [acted] . . . recklessly by following Plaintiff into two other rooms after Plaintiff asked to stop the discussion and continuing to harass and bother Plaintiff when it was known and foreseeable that Plaintiff was in a stress situation and suffering from stress related systems." (Para. 60.) Plaintiff alleges further that, due to the vasovagal event, he was hospitalized and subjected to medical testing all such injury proximately caused by Allstate and its agents, representatives.

On demurrer, the court must accept the facts alleged as true and all their reasonable and fair inferences for the purpose of testing a pleading's legal sufficiency. *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 584, 591 (2003). The demurrer says that these facts, taken as true, do not support claims for emotional distress, either intentional or negligent. The court agrees with the demurrer.

Recently, the Supreme Court has restated the principles that control a determination of whether a claim for intentional infliction of emotional distress is viable. In *Harris v. Kreutzer*, 271 Va. 188 (2005), the court declined to approve the claim because the cited conduct engaged in by the Defendant was neither outrageous nor was the emotional distress severe or extreme. Both components must be present to mount a claim for intentional infliction. What is described in Plaintiff's pleading here does not go beyond a case of insensitivity, bad conduct, or bad manners. *Id.* at 204. Nor are the facts alleged sufficient to support the component of such claim that "the distress is so severe that no reasonable person could be expected to ensure it." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 190, 193 (1991).

The court has approved a cause of action for negligent infliction of emotional distress in Virginia. *Hughes v. Moore*, 214 Va. 27, 34 (1973). The court has said that emotional distress damages are recoverable where "physical injury was the natural result of fright or shock proximately caused by the Defendant's negligence. *Id.* at 34. Here there is no physical injury tied to a frightful or shocking event, only rude, insensitive conduct.

For the foregoing reasons, the demurrer shall be sustained. Plaintiff is granted leave to file an amended pleading on or by June 19, 2006, and responsive pleadings shall be due ten days after receipt of any amended pleading.