## CIRCUIT COURT OF AUGUSTA COUNTY

Karl Alexander Bosserman, Jr.

v.

Karen Hayes
and Auto Owners Ins. Co.

May 29, 2014

Case No. CL14-244

By Judge Victor V. Ludwig

At approximately 4:30 a.m. on July 8, 2012, Karl Alexander Bosserman, an employee of Augusta Health Corporation (the Hospital) was driving on Medical Center Drive in an easterly direction. Meanwhile, Karen Hayes, a paramedic employed by the Staunton-Augusta First Aid and Rescue Squad, Inc., had just delivered a patient to the Emergency Room (the ER) of the Hospital and was exiting the area on a road leading from the ER, which road is perpendicular to Medical Center Drive, to return to her first due area. The first due area is the geographical region for which a paramedic operating an ambulance is primarily responsible. The Hospital was outside her first due area, and Hayes wanted to return to it quickly so that she could promptly respond to any emergency that might arise in the region for which she was primarily responsible. As she entered Medical Center Drive, Hayes collided with Bosserman; her ambulance struck Bosserman's vehicle along the passenger side. The intersection of Hayes' road of travel and Medical Center Drive was controlled by a stop sign requiring Hayes to stop. Bosserman, travelling on Medical Center Drive, did not have a similar traffic control. Hayes was not responding to any calls or emergencies at the time of the collision, she had not activated any sirens, horns, or emergency

lights as she was leaving the ER, and she acknowledged that, although she wanted to return to her first due area, she was not rushing to do so.

## Law and Analysis

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue," *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562 (1992), "which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480 (1996).

The issue which the Plea addresses is the question of sovereign immunity, which is a question of law. *City of Chesapeake v. Cunningham*, 268 Va. 624, 633 (2004). "A plea of sovereign immunity presents distinct issues of fact that, if proved, create a bar to a party's alleged right of recovery. The party advancing the sovereign immunity plea bears the burden of proving those issues of fact." *Gambrell v. City of Norfolk*, 267 Va. 353, 357 (2004) (citations omitted).

The parties apparently do not dispute the facts, and there was no evidentiary hearing in this Court, although the parties did present the transcript of the proceedings in the General District Court. Hence, my recitation of facts is predicated on the pleadings and the other facts as to which it appears the parties agree.

The Commonwealth, its political subdivisions, and high ranking government officials have absolute immunity unless it is waived. By statute this immunity may be extended to certain government employees. Virginia Code Ann. § 27-23.6(B) provides in relevant part that:

> Any county, city, or town may provide fire-fighting and emergency medical services to its citizens by using both government-employed and volunteer company or association firefighters and emergency medical services personnel. If such a system is utilized, the volunteer fire-fighting and emergency medical services companies and associations shall be deemed an instrumentality of the county, city, or town, and as such exempt from suit for damages done *incident to providing* fire-fighting and emergency medical services to the county, city or town. . . . "Providing fire-fighting or emergency medical services" includes travel *while performing* fire, rescue, or other emergency operations in fire-fighting apparatus or other emergency vehicles as described in §§ 46.2-1023 and 46.2-920, respectively.

(Emphasis added). Prior case law in Virginia delineates four factors that a governmental employee must satisfy to qualify for sovereign immunity. Those factors are: (1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and

discretion. *Messina v. Burden*, 228 Va. 301, 313 (1984) (citing *James v. Jane*, 221 Va. 43, 53 (1980)). The only factor disputed in this case is the use of judgment and discretion by Hayes.

There is no doubt that a governmental employee, while discharging his discretionary duties in the operation of a motor vehicle, is entitled to sovereign immunity, and there are a number of Virginia Supreme Court cases analyzing the scope of discretion exercised by a governmental employee in the operation of a motor vehicle in particular situations, which conclude that sovereign immunity applies. *See Stanfield v. Peregoy*, 245 Va. 339 (1993) (holding a snow plow driver entitled to sovereign immunity when he was engaged in discretionary action at the time he ran the stop sign); *Colby v. Boyden*, 241 Va. 125 (1991) (holding a police officer was entitled to sovereign immunity when he collided with a vehicle in an intersection against a red light because he was engaged in a discretionary activity of pursuing a fleeing lawbreaker); *National RR. Passenger Corp. v. Catlett Vol. Fire Co.*, 241 Va. 402 (1991) (holding that a fireman operating a fire truck en route to a fire was entitled to sovereign immunity when he drove across a railroad track without stopping and collided with a train); *Linhart v. Lawson*, 261 Va. 30 (2001) (finding a school bus driver entitled to sovereign immunity when he struck another vehicle while engaged in discretionary activity); *see also Nationwide Mutual Ins. Co. v. Hylton*, 260 Va. 56 (2000) (holding a state trooper entitled to sovereign immunity when he rear-ended the plaintiff while engaged in the discretionary activity of pursuing a traffic offender). Indeed, the statutory amendment in 2002, codifies the conclusion stated in these earlier decisions by stating that one travelling (presumably including operating a vehicle) while performing the discretionary activity is immune from ordinary negligence.

However, the "simple operation" of a vehicle "in routine traffic" is a ministerial act, rather than a discretionary one. *Heider v. Clemons*, 241 Va. 143 (1991). Despite the myriad of decisions necessary to accomplish the task of driving, the "defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the performance of the government function itself." *Id.* at 145.

In *Heider*, the officer served a summons and was preparing to return to the station when his vehicle collided with the plaintiff's. The Court found that typical everyday driving situations, while involving discretion, did not involve the type of discretion required to trigger the defense of qualified immunity. Similarly, in *Friday-Spivey v. Collier*, 268 Va. 384 (2004), the Court held that a firefighter responding to a "priority two" situation was not responding to an emergency situation and was not exercising discretion beyond that required in ordinary driving situations. The Court opined that *Friday-Spivey* was controlled by *Heider*, and it made that determination after taking into account the 2002 amendment to Virginia Code Ann. § 27-23.6(B), which the Court found did not "materially alter these provisions."

*Friday-Spivey* at n. 2. The situation in *Friday-Spivey* involved a "priority two" dispatch where an infant was locked inside a car. A driver in a priority two call is "required to proceed without activating warning devices, i.e., 'no lights and no sirens,' and to obey all statutes governing the operation of motor vehicles." *Id.* at 387. In contrast, a priority one call requires the use of emergency signaling. *Id.* at n. 3.

Hayes argues that the holding in *Friday-Spivey* is "in direct conflict with the plain language of the statute," Def.'s Mem. in Supp. at 6, and she accurately observes that courts are not permitted to rewrite statutes. The fact of the matter, however, is that circuit courts of the Commonwealth do not routinely overrule the Supreme Court of Virginia, and I decline the offer to do so in this case. First, even if the Supreme Court somehow strayed from a correct interpretation of the General Assembly's intention in enacting the amendment, the legislature is presumed to be aware of the construction given to statutes and to sanction that construction when it neither rejects nor modifies the language by subsequent legislation. *See Cochran v. Commonwealth,* 258 Va. 604 (1999). To the extent that the holding in *Friday-Spivey* is facially inconsistent with the statute as amended in 2002 (and I do not agree that it is), the General Assembly has had twelve years during which legislatively to overrule the decision or narrow the observation in the footnote, but it has not done so.

I find that, although Hayes was justified in her desire to return to her first due area, based on her own testimony, she did not feel any compelling urgency to rush to do so and that there was no emergency situation implicated in her action after delivering the patient to the ER. Hence, in order for the language of the 2002 amendment to expand the availability of sovereign immunity to her, it would be necessary to conclude that the addition of the definition of "providing . . . emergency medical services" dramatically altered the landscape of the criteria announced in *James v. Jane, supra.* It would mean that emergency personnel would be clothed with sovereign immunity during any travel to return to their home stations, however routine or mundane that travel might be, from the scene of an emergency and after the emergency had been resolved. That would effectively eviscerate the fourth criterion of *James* with respect to the operation of motor vehicles because that criterion involves the exercise of judgment and discretion, the determination of which generally turns on whether effectuating the governmental purpose embraces "special risks." *See, e.g., Colby v. Boyden,* 241 Va. 125, 129 (1991).

Note that the General Assembly chose to use the progressive verb tense in the statute which implies ongoing action, *e.g.* "incident to providing . . . emergency medical services." Even when it added the definition in 2002, it continued that pattern by ensuring that providing the services included travel "while performing . . . the emergency operations." Hayes' attempt to characterize activity after the emergency has passed as

" 'incident to' the 'provi[sion of] emergency medical services'," Def.'s Mem. in Supp. at 3, fails to convey the plain meaning of the progressive verb tense "providing." In addition, Hayes' characterization of the term "includes travel" as a one of enlargement fails to recognize that it is directly limited by the immediately following modifier, "while performing," again, using the progressive verb tense, implying that the emergency is ongoing, not that it has subsided.

Hayes argues that the Court's holding in *National RR. Passenger Corp. v. Catlett Vol. Fire Co.*, 241 Va. 402 (1991), supports the proposition that the term "incident to providing" services covers all travel (to and from) the site at which the services are required. In that case, the Court held that the operator of a fire truck was entitled to the cloak of sovereign immunity when the accident occurred as he was driving to the scene of the emergency, rejecting the plaintiff's argument that immunity was available, in that case, only during the period that the defendant was actually fighting the fire. Hayes accurately quoted the definition which the Court applied to the term "incident to," but she overlooks the fact that the Court concluded only that "the operation of a fire truck en route to the scene of a fire is incident to fighting the fire." *Id.* at 409. More to the point, she overlooks that the Court specifically declined to address whether the term "excludes the operation of a fire truck when returning from a fire scene." *Id.* at n. 1. That question, though (or one very like it), was presented to the Court in *Heider*, and the Court concluded that the return trip was not incident to the provision of services which give rise to immunity.

Hayes refers the Court to *Boyce v. City of Winchester*, 39 Va. Cir. 21 (1995), quoting Judge Wetsel's comment: "Clearly, the statute provides door to door protection to the volunteer fire company when it is responding to a fire or rescue call." *Id.* at 33. However, her reliance on that case is misplaced. First, Judge Wetsel's comment is clearly *dictum*. The issue before the Court was not one even involving travel to or from an emergency; rather, the case involved an accident which occurred as the parties were clearing snow from a parking lot. Judge Wetsel properly concluded that the scope of "incident to" did not extend so far as that activity and that the statute did not apply. Second, Judge Wetsel, an able, astute, and careful judge, did not define which doors he was describing; that is, he did not suggest that "door to door" meant from the fire station door to the site of the fire and then from the site of the fire back to fire station door. Judge Wetsel's reference to "door to door protection" immediately follows his cite to *Catlett* (in which the Court found that the term "incident to" applied to a fire fighter en route to a fire, but expressly did not address the return trip). In light of his reference to *Catlett* (and his undoubted knowledge of its facts and limitations), one must assume that Judge Wetsel used the phrase exactly as the Supreme Court had limited it, *i.e.*, to refer to the door of the fire house to the scene of (the door of) the emergency. Third, Judge Wetsel's comment that the statute provides "door to door protection" was limited to

situations when the fire company "is responding to a fire or rescue call;" he did not expand that to include when the fire company is returning from having responded to the call.

I find that Hayes was engaged in an ordinary driving situation in which she was not responding to an emergency situation or exercising the level of discretion which would clothe her with sovereign immunity. She had finished providing emergency services when she dropped off the patient, and she was merely returning to her priority one area. Hayes was not operating in an emergency situation; she was not utilizing emergency signaling; she was not responding to any emergency call. At most, Hayes was returning to an area where she would be in a position to prepare to provide emergency medical services, but she was not *providing* or *performing* emergency medical services as she drove away from the Hospital's ER.

## Conclusion

Based on the foregoing analysis, the Court finds as a fact that Hayes' driving at the moment of the accident did not require the exercise of discretion beyond ordinary driving situations. Moreover, the Court concludes that the addition of the definition of "providing . . . emergency medical services" in Va. Code § 27-23.6(B) did not eliminate the requirement that, in order to enjoy the protection of sovereign immunity, the operator of the vehicle be exercising some degree of discretion beyond that required for ordinary driving situations. As a result, Hayes is not entitled to sovereign immunity.