# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Terry Monroe

v.

Melissa Rae Taylor

Case No. (Law) 18888-WS

Thalisa Monroe

v.

Melissa Rae Taylor

Case No. (Law) 18886-WS

Robert Jackson

v.

Melissa Rae Taylor

Case No. (Law) 18887-WS

January 19, 1994

BY JUDGE J. WARREN STEPHENS

The court has considered the pleadings, the evidence, the authorities submitted by and argument of counsel and renders its opinion respecting defendant Melissa Rae Taylor's pleas of sovereign immunity.

The Supreme Court of Virginia beginning with its decision in *James v. Jane*, 221 Va. 43, 53 (1980), and subsequently outlined with particularity in *Messina v. Burden*, 228 Va. 301, 313 (1984), has developed a four-factor test

to be employed to determine if government employees are clothed with immunity. The parties at the time of the hearing on August 17, 1983, stipulated that the first three factors of that test were satisfied, namely, (1) the nature of the function performed by the employee, (2) the extent of the school board's interest and involvement in the function, and (3) the degree of control and direction exercised by the school board over the employee. The issue comes down to whether the act complained of by the plaintiffs involved the use by the employee of judgment and discretion.

At the time of the collision, Taylor was operating a school bus loaded with students en route from the school along her assigned route when she was involved in a rear-end collision with the vehicle occupied by the three plaintiffs.

Taylor relies on *James* and *Messina* and on *Stanfield v. Peregoy*, 245 Va. 339 (1993), asserting that she was actually performing the governmental function of transporting school children while operating a school bus. Plaintiffs rely on the opinion in *Heider v. Clemons*, 241 Va. 143 (1991), contending that the simple operation of a school bus does not involve special risks arising from governmental activity or the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of Taylor's employer. Plaintiffs further contend that the facts in the subject actions are clearly distinguishable from those in *Stanfield, i.e.*, Taylor's operation of the school bus was a simple, routine traffic act and was thus ministerial. The court is not persuaded.

The operation of a loaded school bus clearly involves exercise of judgment and discretion by the driver who has the responsibility for picking up the children at the school site, supervising the conduct of the children while on the bus and assuring herself that each pupil properly and safely alights from the same. In *Stanfield*, the city employee was required to exercise discretion and judgment as to (1) what streets required plowing or salting or both, (2) the amount of salt to be applied and where, and (3) whether or not to undertake the plowing and salting at all. At page 1170, the Supreme Court concluded by stating "In the present case, the defendant was not just operating a government vehicle utilized for salting snow and ice. Rather, the defendant was actually performing the governmental function while operating such vehicle."

The court is of the opinion and finds that at the time of the collision of which complaint is made by the plaintiffs, Taylor was performing the governmental function of transporting school children while operating the bus, thus the fourth factor of the test is satisfied.

Taylor's special pleas of sovereign immunity are sustained, and she is dismissed as a party defendant in each action.