## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Jerica Carmichael,
an Infant, et al.

v.

Newport News School Board

November 14, 1997

Case No. (Law) 24676-VA

BY JUDGE VERBENA M. ASKEW

The defendant, Newport News School Board, filed a demurrer on August 13, 1997. A Memorandum in support of the demurrer was submitted to the court on September 17, 1997. Plaintiff Carmichael filed a Motion to Overrule Demurrer on September 7, 1997. A Memorandum in support of Plaintiff's motion was filed on October 1, 1997. A hearing on the above motions was held on October 3, 1997. For the reasons stated below, the Court overrules the defendant's demurrer.

### Background

On September 7, 1995, Jerica Carmichael, a student at Warwick Intermediate Kindergarten, was a passenger on a school bus that was traveling on Jefferson Avenue. She was injured when the bus collided with a building. Jerica and her mother ("the Carmichaels") are suing the Newport News School Board for a total of $16,500.00.

There is a dispute among the parties as to whether the school board is subject to the doctrine of sovereign immunity in this case. The school board contends that the Carmichaels' motion for judgment is insufficient to state a cause of action against it because the motion for judgment alleges

simple negligence, not gross negligence. Therefore, the school board requests that its demurrer be sustained on those grounds.

## Discussion

In the instant case, the issue before the Court is whether the Carmichaels have stated a cause of action against the school board upon which relief can be granted.

### A. *Demurrer Standard*

A demurrer tests the legal sufficiency of a motion for judgment. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239, 384 S.E.2d 752 (1989). A trial court is therefore confined to the facts alleged when analyzing the pleading; no consideration can be given to additional facts that may be asserted on brief or during oral argument. *Id.* at 240. The demurrer admits the truth of all material facts that are properly pleaded. *Id.* The facts admitted are those expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Id.*

### B. *Sovereign Immunity*

Newport News School Board contends that because the Carmichaels allege simple negligence in their motion for judgment, their pleading fails to establish a cause of action against it. The school board relies on a number of cases that address the applicability of the doctrine of sovereign immunity. *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991) (finding that a police officer in vehicular pursuit was entitled to the protection of the doctrine); *National R.R. Passenger Corp. v. Catlett Fire Co.*, 241 Va. 402, 404 S.E.2d 216 (1991) (fireman en route to fire protected by doctrine); *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991) (sheriff involved in accident after serving process not protected); *Stanfield v. Peregoy*, 245 Va. 339, 429 S.E.2d 11 (1991) (snow plow operator entitled to protection of the doctrine); *Wynn v. Gandy*, 170 Va. 590, 197 S.E. 527 (1938) (driver of empty school bus not entitled to sovereign immunity). *Peregoy, Heider, Colby*, and *Wynn* stand for the principle that acts that are ministerial and do not involve the exercise of judgment or discretion in their performance are not entitled to the protection of the doctrine.

The school board relies on the above cases to support its contention that the bus driver, an employee of the school board, is entitled to the pro-

tection of sovereign immunity. However, the school board fails to fully consider the ramifications of Va. Code § 22.1-194.

## C. *Virginia Code § 22.1-194*

The legislature has partially removed the school board's cloak of protection afforded by the doctrine of sovereign immunity. Where a statute is in derogation of common law, the Court looks to two important rules of statutory construction that must be applied. First, "the common law is not to be considered altered or changed by the statute unless the legislative intent is plainly manifested." *Hyman v. Glover*, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986) (*quoting Hannabas v. Ryan*, 164 Va. 519, 525, 180 S.E.2d 416, 418 (1935)). Second, "statutes in derogation of the common law are to be strictly construed and are not to be enlarged in their operation by construction beyond their express terms." *Id*. at 143 (*quoting C. & O. Railway v. Kinzer*, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965)). Legislative abrogation of the common law doctrine of sovereign immunity must be explicit and will not be found by implication. *Colby v. Boyden*, 241 Va. 125, 132, 400 S.E.2d 184 (1991).

The language of Virginia Code § 22.1-194 abrogates immunity, at least up to the amount of insurance required under subsection A of § 22.1-190. Va. Code § 22.1-194 provides, in pertinent part:

> In case the locality or the school board is the owner, or operator through medium of a driver, of, or otherwise is the insured under the policy upon, a vehicle involved in an accident, the locality or school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury . . . *or in cases set forth in subsection D of § 22.1-190, up to but not beyond the amounts of insurance required under subsection A of § 22.1-190 and the defense of governmental immunity shall not be a bar to action or recovery . . . the locality or school board may be sued alone or jointly with the driver.*

(Emphasis added.)

The Newport News School Board is a self-insured entity under § 22.1-190(D) and is subject to the insurance requirements of subsection A. The legislature clearly places a cap on the amount of liability to which school boards may be subjected in this type of case.

The school board contends that § 22.1-194 "merely creates a window of recovery up to $50,000.00 against an education provider without regard to the servant's degree of negligence, be it simple or gross." However, by opening this window of recovery, the General Assembly effectively closed the door to *complete* immunity for school boards.

Interpreting the language of § 22-290 (which was replaced by § 22.1-194), the Supreme Court has indicated that the statute amounts to a waiver of governmental immunity of school boards. *Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1969) (holding that former § 22-290 was "designed for and plainly limited to the operation of vehicles used for transportation of school pupils and personnel"); *Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960) (acknowledging that former § 22-290 "rendered the school board subject to action for the tort there alleged").

The school board relies on arguments grounded in the doctrine of respondeat superior, asserting that the tort of the servant must be alleged in order to invoke the master's liability. The school board goes on to say that because it would enjoy total immunity but for the existence of § 22.1-194, the standard of gross negligence must be proven on the part of the driver before the school board may be subject to liability. This Court disagrees.

In *James v. James*, 221 Va. 43, 53, 282 S.E.2d 864 (1980), the Supreme Court said that "it is proper that a distinction be made between the state, whose immunity is absolute *unless waived*, and the employees and officials of the state, whose immunity is qualified, depending upon the function they perform and the manner of performance." *Id.* The Court clarified the rule in *James* when it ruled in *Messina v. Burden*, 228 Va. 301, 313, 321 S.E.2d 657 (1984), that in applying the *James* test to employees of other immune governmental entities, the word 'state' should be deleted and the proper description of the governmental entity substituted." *Messina* at 313. What is important to note from the Court's decisions in *James* and *Messina* is that the immunity of the governmental entity is presupposed before there is an analysis of the employee's entitlement to immunity. In *Armstrong v. Johnson*, the companion case to *Messina*, the Supreme Court determined that in order to apply the *James* test to the facts of that case, "the first question [was] whether [the employee] work[ed] for an *immune* body." *Id.*

The Carmichaels' motion for judgment asks for an award of $16,500.00, an amount clearly below the limits of the insurance required under Subsection A of § 22.1-190. In this case, the school board is not an "immune body." The driver does not have the covering of sovereign immunity as a possible refuge because the school board's protection of sover-

eign immunity has been removed partially. Thus, a gross negligence standard does not need to be established here to plead a sufficient cause of action.

Looking at the facts alleged in the motion for judgment and the plain language of § 22.1-194, the Court finds that the motion for judgment pleads facts sufficient to maintain a cause of action against the school board.

Accordingly, the Court overrules the school board's demurrer.