# CIRCUIT COURT OF THE CITY OF RICHMOND

Donna B. Smith

v.

Benjamin B. Daniel, III

January 25, 1999

Case No. LE-737-4

BY JUDGE RANDALL G. JOHNSON

This personal injury case is before the court on a plea of sovereign immunity. The parties have agreed to allow the court to consider the depositions of the plaintiff and defendant in reaching its decision. The depositions establish that defendant is a deputy sheriff in Charles City County. On April 14, 1996, while he was on duty, a call came over his patrol car radio that another deputy had stopped a vehicle and "believed that a weapon was involved and had several suspects and needed some assistance." Daniel Deposition at 9. Upon receiving the call, defendant, who was about two or three miles from where the other deputy was, got into his car and proceeded to drive to the other deputy's location. On the way, he collided with the car plaintiff was driving.

The Supreme Court of Virginia has considered a variety of factual situations in addressing the issue of sovereign immunity in connection with the operation of government-owned vehicles. At one extreme is *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991), in which the Court held that a police officer who was involved in an accident when he went through a red light while pursuing another vehicle was entitled to sovereign immunity:

[A] police officer, engaged in the delicate, dangerous, and potentially deadly job of vehicular pursuit, must make prompt, original, and crucial decisions in a highly stressful situation. Unlike the driver in routine traffic, the officer must make difficult judgments about the best means of effectuating the governmental purpose by embracing

special risks in an emergency situation. Such situations involve necessarily discretionary, split-second decisions balancing grave personal risks, public safety concerns, and the need to achieve the governmental objective. The exercise of discretion is involved even in the initial decision to undertake the pursuit ... .

While each case must be evaluated on its own facts, to hold that Officer Boyden's acts here were merely ministerial, thereby denying him the protection of the sovereign immunity defense for the actions complained of in this case, not only ignores the realities of the circumstances under which he performed his job, but also would inhibit law enforcement officers faced with similar decisions regarding vehicular pursuit in the future. Applying the four-part test of [*James v. Jane*, 221 Va. 43, 282 S.E.2d 864], we concur with the trial court that the defense of sovereign immunity was applicable to Officer Boyden's actions in this case.

241 Va. at 129-30.

At the other extreme is *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991), in which the Court held that a deputy sheriff who was involved in an automobile accident after delivering judicial process at a residence as part of his official duties was not entitled to sovereign immunity:

While every person driving a car must make myriad decisions, in ordinary driving situations the duty of due care is a ministerial obligation. The defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the performance of the government function itself. In some instances, the operation of an automobile may fall into this category, such as the discretionary judgment involved in vehicular pursuit by a law enforcement officer. *See, e.g., Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991) (this day decided); *see also Meagher v. Johnson*, 239 Va. 380, 389 S.E.2d 310 (1990). However, under the circumstances of this case, the simple operation of an automobile did not involve special risks arising from the governmental activity, or the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of the driver's employer. Thus, on the showing here, the trial court properly held that Heider was not entitled to the defense of sovereign immunity.

241 Va. at 145.

Other cases fall somewhere in between. The only one that needs to be considered in deciding the present case, however, is *Stanfield v. Peregoy*, 245 Va. 339, 429 S.E.2d 11 (1993). In that case, the defendant was an employee of the City of Alexandria. He operated one of the city's combination snow plow/salt trucks. On the day in question, on which between four and eight inches of snow had fallen, he had spread salt along three streets. As he was salting a fourth street, he approached an intersection and, faced with a stop sign, attempted to stop. According to defendant, the truck skidded on the ice into the intersection and collided with plaintiffs' vehicle. The Court held that sovereign immunity applied:

> [W]e hold that the trial court correctly ruled that the defendant Peregoy was immune from suit. The operation of the truck in snow and ice to effectuate a governmental purpose clearly involved, at least in part, the exercise of judgment and discretion by the driver. ... For example, he had to decide whether the conditions of a particular street or intersection required plowing or salting, or both. When spreading the salt, the defendant's activity at the time of the accident, he was required to determine the amount of salt to be applied and the area over which it should be spread. Indeed, the exercise of discretion was involved even in the initial decision to undertake the plowing and salting at all ... .
>
> At the time of the accident, this defendant was not involved in "the simple operation" of the vehicle ... nor was he driving "in routine traffic." Perhaps if this accident had happened as defendant was driving his truck en route to the area he was assigned to plow and salt, or if it occurred when he was returning to his Department's headquarters after completing his function of plowing and salting, he would have been engaged in "the simple operation" of the truck "in routine traffic," a ministerial act. But in this case, the conduct of driving and spreading salt combined as an integral part of the governmental function of rendering the city streets safe for public travel. Manifestly, the operation of this vehicle involved special risks arising from the governmental activity and the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of the defendant's employer.

245 Va. at 343-44 (citations omitted).

In the case at bar, defendant was unquestionably performing a governmental function at the time of the collision: going to assist another

sheriff's deputy in a vehicular stop. He had even been told that a gun might be involved. If the level of judgment and discretion exercised by the defendant in *Stanfield* was sufficient to invoke sovereign immunity there, the level of judgment and discretion exercised by the present defendant must be sufficient to invoke sovereign immunity here. At the least, the present defendant had to decide how quickly he had to get to the other deputy's location, what route to take, what action was needed to protect the public, whether to alert the occupants of the stopped vehicle of his approach by employing his flashing lights and siren, whether to call for additional backup, whether to have his weapon in hand, and so on. While the court in no way means to belittle the level of judgment and discretion required to apply salt to a street, it pales in comparison to the level of judgment and discretion required of the defendant in the case at bar. Sovereign immunity applies.

### *Order*

This cause came on January 15, 1999, on defendant's plea of sovereign immunity and was argued by counsel. Upon consideration whereof, and for the reasons stated in the letter opinion dated this date, it is ordered that the plea of sovereign immunity is sustained and Count I of the motion for judgment is dismissed, plaintiff's objection being noted. The action remains on the docket on the other counts.