## CIRCUIT COURT OF THE CITY OF NORFOLK

Francis Linhart, Jr.

v.

Thomas Lawson et al.

November 1, 1999

Case No. (Law) L99-937

By Judge Junius P. Fulton, III

The Court has had an opportunity to review the memoranda provided by counsel, the transcript of the hearing which was held on October 18, 1999, and the applicable case law in consideration of the defendant's Special Plea of Sovereign Immunity. There can be no question that the defendant Lawson, a school bus driver, satisfies the four-part test for governmental employee immunity as indicated in *Messina v. Burden*, 228 Va. 301, 313 (1984), and is thus immune from liability for simple negligence. Nor is there any doubt that the School Board's Special Plea is based upon the fact that the defendant driver and the School Board have been sued jointly and severally, and the judgment requested is joint and several. Thus, the School Board's liability is entirely dependent upon and derived from any negligence employed by defendant Lawson in operating the school bus. Consequently, the Motion for Judgment must allege gross negligence against both defendants in order to withstand the Special Plea, and it fails to do so.

The plaintiff's reliance upon *Winn v. Gandy*, 170 Va. 590 (1938), is misplaced as the decision in *Stanfield v. Peregoy*, 245 Va. 339 (1993), makes it clear that a school bus driver engaging in the transportation of students to and from school at the time of the accident would be entitled to the defense of sovereign immunity. Further, the Court finds the reasoning laid out by my learned colleague, Judge Taylor in *Brown v. Cuffee*, 49 Va. Cir. 31 (1999), to be persuasive, and thus the defendants' Special Pleas will be sustained.